UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES GAO,

                Plaintiff,

      v.

PENTIUM ATLAS FUND III, LP, *et al.*,

                Defendants.

CASE NO. 2:25-cv-01543-RSL

ORDER GRANTING IN PART THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on the "Motion to Dismiss Complaint by Defendants Ryan Miller, Keumhwan Kwong, & David Yeow." Dkt. 34.[1] In September 2023, plaintiff invested $800,000 in a fund managed by defendant Pentium Invest, LLC. At the time, the moving defendants were the principals of Pentium Invest, and plaintiff alleges that their disclosures regarding the investment were materially misleading. Plaintiff further alleges that, because the fund did not follow the multi-strategy investment program and minimal leverage approach defendants promised, he lost his entire investment during a spike in market volatility in early August 2024. In addition, plaintiff alleges that, at the very least, defendants should have sequestered and protected approximately $450,000 that he had withdrawn from the fund shortly before it was liquidated.

---

[1] This matter can be decided on the papers submitted. Defendants' request for oral argument is DENIED.

ORDER GRANTING IN PART THE INDIVIDUAL
DEFENDANTS' MOTION TO DISMISS - 1

Plaintiff alleges that the moving defendants' disclosures violated Sections 10(b) and 20(a) of the Exchange Act, Rule 10b-5, and the Securities Act of Washington. The disclosures are also the basis of plaintiff's fraudulent inducement, negligent misrepresentation, and Washington Consumer Protection Act claims. The alleged failure to pay or sequester the withdrawn funds forms the basis of breach of fiduciary duty, unjust enrichment, and conversion claims. The individual defendants move to dismiss all of the claims asserted against them for failure to state a claim under Fed. R. Civ. P. 12(b)(6), insufficiency of service under Fed. R. Civ. P. 12(b)(5), and, as to defendants Yeow and Miller, for lack of personal jurisdiction.

**A. Personal Jurisdiction**

Personal jurisdiction over a corporate officer or employee depends on their individual contacts with the forum state, rather than the acts and contacts of the corporate employer. *Failla v. FixtureOne Corp.*, 181 Wn.2d 642, 651 (2014); *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 522 (9th Cir 1989). Each defendant's jurisdictional contacts must be evaluated on a claim-by-claim basis. *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004).

A challenge to the Court's power to hear a claim or coerce a party to appear before it is a threshold issue that must be resolved before the Court analyzes the sufficiency of the complaint. *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93-102 (1998) (clarifying that a federal district court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit and the parties). Federal Rule of Civil Procedure 12(b)(2) authorizes dismissal of a complaint for lack of personal jurisdiction. "In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011)

ORDER GRANTING IN PART THE INDIVIDUAL
DEFENDANTS' MOTION TO DISMISS - 2

(citing *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008)). Where, as here, the Court does not conduct an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). "To that end, 'uncontroverted allegations in the complaint must be taken as true' and '[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor.'" *Lang Van, Inc. v. VNG Corp*., 40 F.4th 1034, 1038 (9th Cir. 2022) (quoting *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 800 (9th Cir. 2004).

Plaintiff alleges that the individual defendants solicited investors for the fund in the United States, prepared the investor presentation materials that were distributed to potential investors (including to plaintiff in Washington), determined the fund's investment strategy, and selected/monitored the fund's investments. Plaintiff further alleges that defendant Yeow resided and was located in California when he was managing Pentium Invest's operations and the fund's investments, that defendant Miller hosts an investment-related podcast that has a significant listener base in the United States, and that both defendants made presentations at the fund's launch conference in Florida and appeared together on Miller's podcast to discuss the fund and its investment strategy. None of these allegations are materially disputed by defendants' declarations. Dkt. 35-1 at 29-34.

**1. Exchange Act Claims**

Plaintiff relies on the nationwide grant of jurisdiction provided in the Exchange Act, 15 U.S.C. § 78aa(a), to establish personal jurisdiction over defendants Yeow and Miller, arguing that they each have sufficient contacts with the United States as a whole to justify the exercise of personal jurisdiction over them. In order to exercise specific jurisdiction over defendants, there must be sufficient evidence from which the Court can conclude that (1) defendants purposely availed themselves of the privilege of doing business in the United States, (2) plaintiff's claims arise out of or relate to the defendants' forum-related

ORDER GRANTING IN PART THE INDIVIDUAL
DEFENDANTS' MOTION TO DISMISS - 3

activities, and (3) the exercise of jurisdiction comports with fair play and substantial justice, i.e., it must be reasonable. *Schwarzenegger*, 374 F.3d at 802. Taking the uncontroverted allegations in the complaint as true, the Court finds that plaintiff has made a prima facie showing of contacts with the United States that are sufficient to justify the exercise of personal jurisdiction over Yeow and Miller with regards to the Exchange Act claims.

### 2. State Law Claims

The Exchange Act's nationwide jurisdiction provision does not apply to the state law claims asserted. Plaintiff does not attempt to show that Yeow and/or Miller have constitutionally sufficient contacts with Washington, instead arguing that the doctrine of pendent personal jurisdiction applies. "Under this doctrine, a court may assert pendent personal jurisdiction over a defendant with respect to a claim for which there is no independent basis of personal jurisdiction so long as it arises out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction." *Action Embroidery*, 368 F.3d at 1180. The state law claims arising out of the alleged misrepresentations/omissions in the Private Placement Memorandum and/or the Investor Presentation clearly fall within the Court's pendent personal jurisdiction. The more difficult issue is whether the state law claims arising out of defendants' handling of plaintiff's request to withdraw from the fund involve a common nucleus of facts with the securities claims.

The Ninth Circuit adopted the pendent personal jurisdiction doctrine because it is often reasonable to compel a defendant who must appear in a forum to defend against one claim to answer other claims arising out of the same events and occurrences because doing so promotes "judicial economy, avoidance of piecemeal litigation, and overall convenience of the parties." *Id.* at 1181. Plaintiff argues that evidence of the fund's liquidation is

ORDER GRANTING IN PART THE INDIVIDUAL
DEFENDANTS' MOTION TO DISMISS - 4

relevant to both the securities and the withdrawal claims. For purposes of the securities-based claims, the only relevant facts related to the liquidation are those that touch on the existence and amount of loss, namely how the fund got into trouble, the fact that the fund was liquidated, and the amount plaintiff had invested and lost. The withdrawal claims, on the other hand, will require evidence showing that plaintiff had requested to withdraw from the fund, the parties reached an agreement regarding how to handle the withdrawal, defendants' tortiously or in breach of the agreement failed to pay or safeguard the funds, and the calculation of damages associated with the alleged wrongdoing: none of this evidence is relevant to the presentation of the securities-based claims. The Court finds that neither the facts nor considerations of judicial economy support the exercise of pendent personal jurisdiction over the withdrawal claims against Yeow and/or Miller. *See Cray Inc. v. Raytheon Co.*, 179 F. Supp. 3d 977, 990–91 (W.D. Wash. 2016).

**B. Adequacy of the Pleadings under Fed. R. Civ. P. 12(b)(6)**

For the reasons set forth in the order granting in part the fund and Pentium Invest's motion to dismiss, Dkt. 39, the Court finds that plaintiff failed to adequately allege a material misrepresentation or omission in support of his federal securities claims (Counts I and II), failed to adequately allege that defendants' representations were materially false or misleading at the time they were made in support of his fraud-based state law claims (Counts III, IV, V, and VI), but adequately alleged breaches of fiduciary duty (Count VII), unjust enrichment (Count VIII), conversion (Count IX), and violations of the Washington Consumer Protection Act (Count XI) against the individual defendants.

**C. Sufficiency of Service**

Defendants' general objection to email service because plaintiff misrepresented his efforts to confirm that the email addresses associated with defendants Yeow and Kwong were active are overruled. While the Court does not countenance misstatements, counsel's

ORDER GRANTING IN PART THE INDIVIDUAL
DEFENDANTS' MOTION TO DISMISS - 5

email to Yeow and Kwong using both their business and personal addresses was not returned and did not generate an error message. At least one address for each defendant was, in fact, valid, and defendants received the email copy of the complaint and summons as authorized by the Court. No more is required. *See Amazon.com, Inc. v. KexleWaterFilters*, No. 2:22-cv-01120-JLR, 2023 WL 2017002, at *4 (W.D. Wash. Feb. 15, 2023).

Defendants also argue that email service on defendants Yeow and Miller was insufficient insofar as it violated the Hague Convention (as to Miller) and/or did not comply with Malaysian law (as to Yeow). The Court need not decide these issues because it lacks jurisdiction over Yeow and Miller with regards to the withdrawal claims and the securities-based claims did not survive defendants' Rule 12(b)(6) challenge.

For all of the foregoing reasons, the motion to dismiss filed by the individual defendants, Dkt. 34, is GRANTED in part and DENIED in part. Plaintiffs' PSLRA and fraud-based claims related to the investment disclosures (Counts I – VI) fail as a matter of law. The withdrawal-related claims involving the failure to pay or sequester funds may proceed against defendant Kwong but are dismissed as to defendants Yeow and Miller for lack of personal jurisdiction. Because this matter continues, leave to amend will not be

//

//

ORDER GRANTING IN PART THE INDIVIDUAL
DEFENDANTS' MOTION TO DISMISS - 6

blindly given. If plaintiff and his counsel believe they can, consistent with their Rule 11 obligations, remedy the deficiencies identified in this Order, they may file a motion for leave to amend the complies with LCR 15.

DATED this 27th day of March, 2026.

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART THE INDIVIDUAL
DEFENDANTS' MOTION TO DISMISS - 7